No. 23-2954

# United States Court Of Appeals
# For The Seventh Circuit

ANDRE T. EVANS,
Plaintiff - Appellant,

-v-

OFF. ANDREW M. MATSON, and
OFF. ROBERT L. RASMUSSEN,
Defendants - Appellees.

Appeal from the United States District Court
For the Eastern District of Wisconsin
Case No. 2:20-cv-00476-LA
The Honorable Judge Lynn Adelman

RESPONSE BRIEF OF APPELLEES
ANDREW M. MATSON and ROBERT L. RASMUSSEN

City of Racine, City Attorney's Office
Assistant City Attorney Ian R.
Pomplin
Attorney for the
Defendants-Appellees,
    Off. Andrew M. Matson and
    Off. Robert L. Rasmussen,

## DISCLOSURE STATEMENT

Defendant-Appellee Andrew M. Matson, Defendant-Appellee Robert L. Rasmussen are individual employees of a government entity.

All counsel having appeared on this matter, including Scott R. Letteney, Jennifer Williams, Nhu H. Arn, and Ian R. Pomplin, were public employees, employed by the City of Racine, a government entity.

Accordingly, a Disclosure Statement within the meaning of FRAP 26.1 and CR 26.1 is not required for this filing.

# TABLE OF CONTENTS

DISCLOSURE STATEMENT ........................................................... ii

TABLE OF CONTENTS ................................................................ iii

TABLE OF AUTHORITITES ..........................................................iv

JURISDICTIONAL STATEMENT ....................................................1

    I.    Jurisdiction of the District Court ....................................1

    II.   Jurisdiction of the Court of Appeals ...............................1

STATEMENT OF THE ISSUES ........................................................3

STATEMENT OF THE CASE ...........................................................4

    I.    Statement of Facts ......................................................4

    II.   Procedural History.......................................................6

SUMMARY OF THE ARGUMENT ...................................................8

ARGUMENT .................................................................................10

    I.    Evans does not set forth any argument for why he alleges the District Court erred in granting summary judgment. ......................................10

    II.   The District Court did not err in granting summary judgment. .........11

        a.  Standard of Review ......................................................11

        b.  Probable Cause Supports The Actions Of The Officers And Forecloses A Claim Of False Arrest/Unlawful Arrest...................11

        c.  Evans Does Not Establish a Claim of Malicious Prosecution .......18

CONCLUSION ..............................................................................19

CERTIFICATE OF COMPLIANCE ................................................21

CERTIFICATE OF SERVICE .........................................................22

# TABLE OF AUTHORITITES

## CASES

*Anderson v. Hardiman*, 241 F.3d 544 (7th Cir. 2001)..............................................10

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986)...........................................10

*Armstrong v. Daily*, 786 F.3d 529 (7th Cir. 2015)...................................................18

*Cannady v. Sandoval*, 458 F. App'x. 563 (7th Cir. 2012).......................................15

*District of Columbia v. Wesby*, 583 U.S. 48 (2018) ...............................................16

*Dostal v. Strand*, 2023 WI 6, 405 Wis. 2d 572, 984 N.W.2d 382...........................14

*Estate of Rille v. Physicians Ins. Co*.,
   2007 WI 36, 300 Wis. 2d 1, 728 N.W.2d 693.......................................14, 15

*Fleming v. Livingston County, Ill*., 674 F.3d 874 (7th Cir. 2012)...........................15

*Gordon v. Miller*, 528 F. App'x 673 (7th Cir. 2011)...............................................18

*Haring v. Prosise*, 462 U.S. 306 (1983) .................................................................13

*Hess v. Bd. of Trustees of S. Illinois Univ*., 839 F.3d 668, 673 (7th Cir. 2016)......11

*N. States Power Co. v. Bugher*, 189 Wis. 2d 541, 525 N.W.2d 723 (1995) ....... fn.3

*Newsome v. McCabe*, 256 F.3d 747, 750–51 (7th Cir. 2001)..................................18

*Paige K.B. ex rel. Peterson v. Steven G.B*., 226 Wis.2d 210 (1999) ......................14

*Pasiewicz v. Lake County Forest Preserve Dist*., 270 F.3d 520 (7th Cir. 2001).....13

*Ramos v. City of Chicago*, 716 F.3d 1013 (7th Cir. 2013) ......................................12

*State of Wisconsin v. Andre T. Evans,* Racine Cnty. Case No. 2014CF570.........5,13

*Strid v. Converse*, 111 Wis.2d 418, 331 N.W.2d 350 (1983)..................................19

*United States v. Parra*, 402 F.3d 752 (7th Cir. 2005) .............................................12

*United States v. Santana*, 427 U.S. 38 (1976) ...................................................16, 17

*Wheeler v. Lawson*, 539 F.3d 629 (7th Cir. 2008)...................................................12

## STATUTES

Fed. R. Civ. P. 56(a)...............................................................................................11

42 U.S.C. § 1983 .............................................................................................*passim*

28 U.S.C. § 1331 .......................................................................................................1

28 U.S.C. § 1367 .......................................................................................................1

## SECONDARY SOURCES

Practitioner's Handbook for Appeals to the United States Court of Appeals for the
Seventh Circuit (2020 Edition) ................................................................................10

# JURISDICTIONAL STATEMENT

The Appellant did not provide a jurisdictional statement in his opening brief; therefore, the Appellant did not provide a complete and correct jurisdictional statement. Accordingly, the Appellees provide the following jurisdictional statement:

## I.     Jurisdiction of the District Court

On March 24, 2020, Plaintiff-Appellant Andre T. Evans filed a Complaint in the Eastern District of Wisconsin, alleging that Defendants-Appellees Officer Andrew M. Matson, Officer Robert L. Rasmussen, Sergeant. John C. Pomeroy, the Racine Police Department, and the City of Racine violated his rights under 18 U.S.C. § 1983. Accordingly, because Evans is alleging a violation of federal law, jurisdiction of the District Court was proper under 28 U.S.C. § 1331, concerning federal question jurisdiction. Evans' claim of malicious prosecution arises under state law, and thus the District Court exercised supplemental jurisdiction under 28 U.S.C. § 1367.

## II.     Jurisdiction of the Court of Appeals

On March 29, 2022, the District Court granted in part and denied in part Officer Matson and Rasmussen's motion for summary judgment. The remainder of the case remained for trial. After negotiations, the parties reached an agreement that settled the remainder of the case and preserved Evans' ability to appeal the portion

of the summary judgment motion that was granted in favor of Officer Matson and Rasmussen. On September 22, 2023, the District Court entered an order that dismissed the settled portion of the case and preserved the remainder for Evans' appeal, rendering a final judgment. On October 11, 2023, Evans appealed from that final judgment. A briefing schedule was issued on December 22, 2023.

**STATEMENT OF THE ISSUES**

1.  Did the District Court properly grant Officer Matson and Rasmussen's motion for summary judgment as to Evan's claims false arrest and unlawful arrest under 42 U.S.C. § 1983 when he found that the officers acted with probable cause and exigent circumstances?

2.  Did the District Court properly grant Officer Matson and Rasmussen's motion for summary judgment as to Evan's claim for malicious prosecution when he found that the claim must proceed under state law and that the claim did not meet all elements required under state law?

# STATEMENT OF THE CASE

## I.      Statement of Facts

On April 19, 2014, Officers Andrew M. Matson and Robert L. Rasmussen responded to call for a burglary in progress at 2812 Loraine Avenue, Racine, Wisconsin. (RA-1.)[1] The 911-dispatcher provided a description of the suspect as an African American male, approximately 5'8", wearing a navy jacket, and seen on Jacato Drive. (*Id.*) Officers Matson and Rasmussen were near Jacato Drive when they received this information from the dispatcher. (RA-2.) Officer Rasmussen shortly thereafter observed an individual who matched the description provided by the dispatcher, and who later turned out to be Evans. (*Id.*) Officer Rasmussen saw this individual enter an apartment building and relayed his observation to dispatch. (*Id.*) Officers Rasmussen and Matson then entered the building in pursuit of Evans. (*Id.*) During their pursuit, Officer Matson observed Evans on the first floor of the apartment building. (*Id.*)

Next, Officer Matson made contact with Evans, and Evans attempted to flee from Officer Matson into an apartment unit. (RA-2-3.) It was during this flight into the apartment that Officer Matson observed Evans drop a dark object in the doorway. (*Id.*) After seeing this, Officer Matson struggled with Evans both around the door

---

[1] Appellees will cite to the Required Appendix as "RA-___." The Appellant included necessary appendixes in his opening brief, but he did not paginate them. Accordingly, the citation is to the page number provided in the District Court's decision.

and inside the apartment. (*Id.*) Officer Matson issued verbal commands and deployed his TASER at Evans. (*Id.*) Officer Matson then secured Evans with handcuffs, arrested him, and transported him to the Racine County Jail. (RA-3-4). While processing the scene, Officer Matson located a fully-loaded Smith and Wesson Model 19 revolver in the doorway of the apartment where he observed Evans drop a dark item. (RA-4).

Evans was arrested for Possession of a Firearm by a Felon, contrary to Wis. Stat. § 941.29, and Resisting/Obstructing an Officer, contrary to Wis. Stat. § 946.41(1). (*Id.*) Evans was detained as a suspect in the burglary, but he was not charged with that offense. (*Id.*)

The Racine County District Attorney's Office charged Evans with Possession of a Firearm by a Felon, contrary to Wis. Stat. § 941.29, and Resisting/Obstructing an Officer, contrary to Wis. Stat. § 946.41(1), in Racine County Criminal Court Felony Case Number 2014CF570. (*Id.*) Evans, through counsel, filed a motion to suppress all evidence obtained from the warrantless entry into the apartment. (*Id.*) The judge ruled in favor of Evans. In reaching its decision, the court determined that the entry into the apartment violated Evans' Fourth Amendment rights because Officer Matson lacked probable cause to believe that Evans had committed or was committing any crime other than obstructing. (*Id.*)

## II.     Procedural History

Evans filed a complaint on March 24, 2020, against Officer Andrew M. Matson, Officer Robert L. Rasmussen, Sergeant John C. Pomeroy, and the Racine Police Department alleging false arrest, false imprisonment, malicious prosecution, and that the City of Racine had a custom of racially profiling under 42 U.S.C. § 1983. (ECF No. 1.) Pursuant to the Prisoner Litigation Reform Act, the District Court screened the complaint and dismissed John C. Pomeroy and the Racine Police Department. (ECF-6.)

On May 14, 2020, Evans filed a motion for reconsideration on the screening order, alleging that Sergeant Pomeroy and the Racine Police Department were improperly dismissed. (ECF-9.) On June 24, 2020, the District Court revived the claim against Sergeant Pomeroy. (ECF-15.) Defendant Pomeroy then moved to dismiss the allegations against him, and that dismissal was granted on October 26, 2020. (ECF-32.)

The remaining defendants, Officers Rasmussen and Matson, moved for summary judgment on all remaining claims, and the District Court granted summary judgment in part and denied in part on March 29, 2022. (ECF-52.) In its decision, the District Court found summary judgment in favor of Officers Rasmussen and Pomeroy on the claims of false arrest, unlawful arrest, and malicious prosecution and denied summary judgment on the claim of excessive force. (*Id.*)

The parties reached a settlement agreement regarding the claim of excessive force, and, in the settlement agreement, agreed that Evans could appeal the claims for which Officers Matson and Rasmussen received summary judgment. A final order dismissing the remainder of the case was entered on September 22, 2023. (ECF-83.) Evans filed a Notice of Appeal on October 10, 2023. (ECF-85.)

## SUMMARY OF THE ARGUMENT

The District Court was correct when it granted Officers Matson and Rasmussen's Motion for Summary Judgment on Evans' claims of false arrest, unlawful arrest, and malicious prosecution under 42 U.S.C. § 1983. No material facts are in dispute regarding these three claims, and Officers Matson and Rasmussen were entitled to judgment as a matter of law.

Evans brings a perfunctory challenge to the summary judgment decision. He argues, by implication, that because the state court found that Officers Matson and Rasmussen lacked probable cause to detain Evans, he is automatically entitled to the same finding in federal court. Evans never sets forth any specific reason why the District Court was incorrect in its finding of probable cause or why he believes it erred in its application of the doctrine of offensive collateral estoppel. Further, Evans neither contests the finding of qualified immunity by the District Court nor disputes the finding that the elements of malicious prosecution were unmet.

The District Court properly granted summary judgment for the reasons stated below:

1. Officers Matson and Rasmussen had probable cause to arrest Evans.

2. Officers Matson and Rasmussen's interests were not actually litigated in the prior criminal case, precluding the doctrine of collateral estoppel.

3. Even if Officers Matson and Rasmussen did not have probable cause to arrest Evans, they are entitled to qualified immunity.

4. Officers Matson and Rasmussen had an exigent circumstance to enter the apartment.

5. Evans does not satisfy the elements of malicious prosecution under Wisconsin state law.

# ARGUMENT

## I.     Evans does not set forth any argument for why he alleges the District Court erred in granting summary judgment.

It is an axiom of appellate practice that an appellant's brief must contain an argument consisting of more than a generalized assertion of error and include citations to relevant supporting authority. This directive applies equally to *pro se* litigants as well as represented litigants. *See* Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit, p. 128 (2020 Edition). A *pro se* brief that offers no articulable basis for disturbing the district court's judgment, but merely repeats allegations in the complaint and cites irrelevant cases, justifies dismissal. *Anderson v. Hardiman*, 241 F.3d 544 (7th Cir. 2001).

Evans provided nothing more than a generalized assertion of error and included no citation to relevant authority in support of his generalized assertion. To illustrate, Evans' opening brief cites only to *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986), which sets forth the standard for a trial court to grant summary judgment. Even under the relaxed standards afforded a *pro se* litigant, it is still required that some form of argument be provided upon appeal. Evans has provided no grounds for which this Court may overturn the decision of the District Court, and, on that basis alone, the District Court's decision must be upheld accordingly.

## II.   The District Court did not err in granting summary judgment.

### A. Standard of Review

Each of the issues before the Court on appeal regards the review of the district court's decision to grant Officers Matson and Rasmussen's Motion for Summary Judgment.[2] Summary judgment is appropriate where there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court of Appeals reviews a district court's decision on motions for summary judgment *de novo*, "construing all facts and drawing all reasonable inferences in favor of the party against whom the motion under consideration was filed." *Hess v. Bd. of Trustees of S. Illinois Univ.*, 839 F.3d 668, 673 (7th Cir. 2016).

### B. Probable Cause Supports The Actions Of The Officers And Forecloses A Claim Of False Arrest/Unlawful Arrest

The District Court did not err when it granted summary judgment in favor of Officers Matson and Rasmussen on Evans' claim that he was unlawfully arrested in violation of 42 U.S.C. § 1983. The relevant, undisputed facts, as found on summary judgment, is that the Officers received information that described an individual who was a suspect in a robbery, as well as his approximate location. (RA-1, 2.) Acting on that information, the Officers went to that location, observed an individual,

---

[2] The Appellees will not reproduce the Summary Judgment Standard of Review for each claim at issue for the sake of brevity and conciseness. Each of the issues and claims are under the same standard of review: *de novo* review of the District Court's decision to grant Officers Matson and Rasmussen's Motion for Summary Judgment.

Evans, who closely matched the description provided by dispatch, and they followed him into an apartment building. (RA-2, 3.) Evans fled from the Officers and entered an apartment unit. (RA-3.) Officer Matson, in hot pursuit, followed Evans into the apartment unit and detained Evans. (RA-3, 4.) Based on the undisputed record, the District Court found that these facts constituted sufficient probable cause to effectuate an arrest.

Specifically, "[p]robable cause exists if at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed...an offense." *Ramos v. City of Chicago*, 716 F.3d 1013, 1018 (7th Cir. 2013) (internal quotations and ellipses omitted). Probable cause does not require absolute certainty that the suspect has committed a crime, nor does it require demonstrating that it is more likely than not that the suspect committed a crime. *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). "So long as the totality of the circumstances, viewed in a commonsense manner, reveals a probability or substantial chance of criminal activity on the suspect's part, probable cause exists." *United States v. Parra*, 402 F.3d 752, 764 (7th Cir. 2005).

Based upon the undisputed facts, Officers Matson and Rasmussen believed that Evans had committed the burglary because he matched the race, gender, height, and clothing description of the suspect, as well as the general location that the

suspect was reported to have been. The only dispute provided by Evans is that he alleges that he was wearing a black jacket, not the navy-blue jacket identified by the witness. (RA-8\.) Notwithstanding that the identification was performed at night and that the colors black and navy-blue are very close in hue at night, courts have found probable cause if a suspect resembles, but does not exactly match, a witness' description. *See Pasiewicz v. Lake County Forest Preserve Dist.,* 270 F.3d 520, 524-25 (7th Cir. 2001). In the aggregate, Evans' appearance, proximity to the crime, and no one else being in the area all lead to the finding that Officers Matson and Rasmussen had probable cause to arrest Evans.

Evans' only argument, by implication, is that Officers Matson and Rasmussen did not have probable cause to arrest him because the state court found a lack of probable cause in a criminal proceeding. Evans' assertion implies that the District Court's decision finding probable cause is barred by the state criminal court's decision in *State v. Evans* under the doctrine of collateral estoppel; however, Evans provides no argument to dispute the District Court's finding that collateral estoppel does not apply in this matter.

Federal courts look to state law when applying collateral estoppel. *See e.g. Haring v. Prosise,* 462 U.S. 306, 314 (1983). In its specific application of collateral estoppel, also known as issue preclusion[3], Wisconsin law sets forth a two-step test

---

[3] In 1995, the State of Wisconsin, like many jurisdictions, including the Supreme Court of the

to determine whether the doctrine may be applied. *Dostal v. Strand*, 2023 WI 6, ¶ 23, 405 Wis. 2d 572, 984 N.W.2d 382. "In the first step, a circuit court must determine whether the issue or fact was actually litigated and determined in the prior proceeding by a valid judgment in a previous action and whether the determination was essential to the judgment." *Estate of Rille v. Physicians Ins. Co*., 2007 WI 36, ¶ 37, 300 Wis. 2d 1, 728 N.W.2d 693. The second step of the test is whether the application of issue preclusion comports with principles of fundamental fairness. *Id*. ¶ 36. Evans' assertion of collateral estoppel fails at the first step under the Wisconsin analysis.

Here, Evans seeks to use collateral estoppel offensively, but his assertion fails because the issue or fact was not actually litigated within the meaning of Wisconsin's collateral estoppel doctrine. Offensive collateral estoppel can be used against only a defendant who, if not a party to the earlier litigation, has legal interests aligned with those of a previous party. *See Paige K.B. ex rel. Peterson v. Steven G.B*., 226 Wis.2d 210, 226 (1999). Specifically, a litigant must have "sufficient identity of interest with a party to a prior proceeding" that the litigant's interests in the prior case can be

---

United States, adopted the term "issue preclusion" in replacement of the term "collateral estoppel," in an attempt to clarify and solidify the difference between res judicata and collateral estoppel. *N. States Power Co. v. Bugher*, 189 Wis. 2d 541, 549, 525 N.W.2d 723, 727 (1995). However, practitioners and case law have been slow to adapt to this change, and the terms are still used interchangeably in the State of Wisconsin. This brief refers to the legal concept as "collateral estoppel" due to the use of that term in the underlying District Court decision, but the proper Wisconsin analysis of this concept uses the term "issue preclusion." Nonetheless, the result remains the same regardless of label.

deemed to have been actually litigated, as required under state law. *Id.* It is clear that a different entity--the State of Wisconsin, not Officers Matson and Rasmussen--prosecuted Evans in the underlying state criminal case. It is well-established that prosecutors have "no interest in the potential civil liability of the police officers." *Cannady v. Sandoval*, 458 F. App'x. 563, 566 (7th Cir. 2012). Accordingly, under the law of Wisconsin, issue preclusion cannot apply because the Officers' specific interests, as applied to civil liability, were not represented in the state criminal court matter.

Also, not all issues relevant to probable cause were litigated in Evans' criminal case. Specifically, whether Officers Matson and Rasmussen were protected by qualified immunity is a separate legal question. *See Fleming v. Livingston County, Ill.*, 674 F.3d 874, 879 (7th Cir. 2012). Wisconsin requires that the issue be actually litigated for collateral estoppel to apply. *See Estate of Rille*, 2007 WI 36, ¶ 37. Collateral estoppel cannot apply here because the issues litigated in this case are different from those in the state criminal case.

Additionally, even if probable cause is not established, Officers Matson and Rasmussen are protected by qualified immunity. When evaluating whether a false arrest occurred, a defendant is protected by qualified immunity if "a reasonable officer could have mistakenly believed that probable cause existed." *Id.* at 880. This standard is referred to as "arguable probable cause" and is established when a

reasonable police officer in the same circumstances and with all the same knowledge as the officer in question *could* have reasonably believed that probable cause existed. *Id*. This case certainly has "arguable probable cause," even if this Court finds that Officers Matson and Rasmussen's probable cause in fact is lacking. *See id.* ("arguable probable cause" was established when a suspect was found near a crime scene approximately 7 minutes after the crime and suspect resembled, but did not perfectly match, the witness' description).

Further, to overcome a defense of qualified immunity, a plaintiff must identify a case where an officer violated the Fourth Amendment under similar circumstances. *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). Evans did not do so before the district court, and he did not do so when briefing this appeal. Even if Evans establishes that Officers Matson and Rasmussen did not have probable cause, Evans has not overcome the defense of qualified immunity.

The Officers' pursuit of Evans into the apartment was due to an exigent circumstance. After establishing that the Officers had probable cause (or arguable probable cause) to effectuate the arrest, the analysis now shifts to whether exigent circumstances existed, whereby allowing the Officers to pursue Evans into the apartment. While parties have disputed the exact location of Evans when the Officers made contact with him, Evans asserts that he was in the doorway at the time that the police made contact with him, and Evans subsequently fled into the apartment. As

argued by the Officers before the District Court, the facts of *United States v. Santana*, 427 U.S. 38, 42-43 (1976) are directly applicable to this case. In *Santana*, the suspect was standing in her doorway, the police made contact with her, and she fled within her home. *Id.* at 40. The *Santana* Court held that a suspect standing in a doorway threshold of her home could not defeat an arrest by retreating into her home, if that arrest had been set in motion in a public place. *Id.* at 42-43. This constituted an exigent circumstance exception to the Fourth Amendment; specifically, "hot pursuit." *Id.* Even when construing the facts in the light most favorable to Evans, he alleges that he was standing in the doorway of an apartment, police made contact with him to effectuate an arrest, and he retreated into his apartment. These facts are directly analogous to *Santana*, and thus an exigent circumstance allowed for Officers Matson and Rasmussen to enter into the apartment without a warrant to perform the arrest. Accordingly, Evans was arrested within the bounds of the Fourth Amendment and not in violation of 42 U.S.C. § 1983.

The Officers had probable cause to stop and arrest Evans, and when Evans fled into the apartment, the Officers had an exigent circumstance to enter the apartment to effectuate that arrest. Even if the Officers did not have probable cause in fact, Officers Matson and Rasmussen are shielded from liability by qualified immunity due to "arguable probable cause." Summary judgment should be granted

in favor of Officers Matson and Rasmussen on the claims of false arrest and unlawful arrest.

### C. Evans Does Not Establish a Claim of Malicious Prosecution

No constitutional tort claim of malicious prosecution exists under federal law when state law provides a meaningful tort remedy. *Armstrong v. Daily*, 786 F.3d 529, 541 (7th Cir. 2015) (citing *Newsome v. McCabe*, 256 F.3d 747, 750–51 (7th Cir. 2001)). Accordingly, Evans must bring his claim of malicious prosecution as a claim arising under Wisconsin state law, not under 42 U.S.C. § 1983. To establish a claim of malicious prosecution under Wisconsin law, six elements must be established, and Evans cannot establish all six elements. Evans does not address the malicious prosecution claim in his opening brief, besides a single sentence that implies error. Nonetheless, he has failed to establish both that his malicious prosecution claim has merit and that the district court was incorrect to dismiss the claim.

It is well-established that the availability of Wisconsin's tort for malicious prosecution forecloses Evans' ability to argue a federal claim under § 1983 on the same grounds. *Gordon v. Miller*, 528 F. App'x 673, 674 (7th Cir. 2011). Accordingly, Evans must meet all six elements of Wisconsin's tort of malicious prosecution. These six elements are: (1) a prior institution or continuation of judicial proceedings against the plaintiff; (2) the former proceedings were "by, or at the

instance of," the defendants; (3) the prior proceedings terminated in the plaintiff's favor; (4) malice on the part of the defendants in instituting the former proceedings; (5) a want of probable cause in instituting the former proceedings; and (6) injury or damage resulting to the plaintiff from the former proceedings. *Strid v. Converse*, 111 Wis.2d 418, 423, 331 N.W.2d 350 (1983). Failure to meet any single element is fatal to the claim. *Id*.

Evans fails to meet elements four and five of his claim for malicious prosecution, and thus cannot establish a claim under Wisconsin's state law. The analysis of the Officers' establishment of probable cause in this matter has been argued *ante*, and a finding of probable cause regarding the arrest also forecloses Evans' ability to set forth a claim for malicious prosecution. Both Officers had probable cause to effectuate the arrest based upon the description provided by a witness to the burglary and the actions of Evans. Likewise, Evans fails to establish, or even argue, that either Officer acted with malice. Summary judgment should be granted in favor of Officers Matson and Rasmussen on the claim of malicious prosecution.

## CONCLUSION

For the foregoing reasons, Officer Andrew M. Matson and Officer Robert L. Rasmussen ask that the Court affirm the District Court's award of summary judgment.

Dated: February 21, 2024.

Submitted,

*Electronically signed by Ian R. Pomplin*
IAN R. POMPLIN, ASSISTANT CITY
ATTORNEY
     *Counsel of Record*
RACINE CITY ATTORNEY'S OFFICE
State Bar No. 1105355
[ian.pomplin@cityofracine.org](mailto:ian.pomplin@cityofracine.org)
800 Center Street, Suite 122
Racine, Wisconsin 53403
Phone: (262) 636-9115
Facsimile: (262) 636-9570

*Counsel for Defendants-Appellees*
*Officer Andrew M. Matson and*
*Officer Robert L. Rasmussen.*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g), I certify the following:

 This Brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32 and Seventh Circuit Rule 32 because it contains no more than 14,000 words. Specifically, all portions of this brief other than the table of contents, table of authorities, and certificate of counsel contain 3921 words.

 Dated: February 21, 2024.

*<u>Electronically signed Ian R. Pomplin</u>*
IAN R. POMPLIN

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February 2024, I filed the foregoing Brief with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users. Due to Plaintiff-Appellant's *pro se* status, in accordance with F.R.A.P. 31(b), two courtesy copies were simultaneously mailed to:

ANDRE T. EVANS
2005 HICKORY GROVE AVENUE
RACINE, WISCONSIN 53403