# 23-2954

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

ANDRE T. EVANS
Plaintiff-Defendant,

U.S.C.A. - 7th Circuit
RECEIVED
MAR 22 2024

-v-

ANDREW M. MATSON and ROBERT L. RASMUSSEN,
Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Wisconsin
Case No. 2:20-cv-00476-LA
THe Honorable Judge Lynn Adelman

## RESPONSE BRIEF TO APPELLEES
## ANDREW MATSON and ROBERT RASMUSSEN

AUNDRE EVANS "pro se"

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................ii
TABLE OF AUTHORITIES...........................................................iii
STATEMENT OF THE ISSUES........................................................1
STATEMENT OF THE CASE...........................................................2
PROCEDURAL HISTORY................................................................3
SUMMARY PF THE ARGUMENT....................................................4
ARGUMENT........................................................................................5
CONCLUSION.....................................................................................6
CERTIFICATE OF COMPLIANCE....................................................7

# TABLE OF AUTHORITIES

Anderson v. Libby lobby,inc, 477 U.S. 242 (1986)..............6,7,9
District of Columbia v. Wesby, 583 U.S. 48,63 (2018)........8
State v. Mikkelson, 256 Wis.2d 132......................................8,9
Newsome v. McCabe, 256 f. 3d 747, 750-51 (7th Circuit 2001).9
United States v. Santana 427 U.S. 38, 42-43,
Smart v. Board of trustees of uni. Of ill. 34 f3d. 432 , 434, ( 7th Circuit).

## STATEMENT OF THE ISSUES

1. Did the District Court properly grant officers Matson and Rasmussen motion for summary judgment as to Evans's claims of false arrest and unlawful arrest under 42 U.S.C. 1983 when he found that the officers acted with probable cause and exigent circumstances?[1]

---

[1] The appellee's in there statement of issues in their response brief acknowledge that the District Court Judge himself did weigh the evidence and determine the truth of the matter when he found that the officers acted with probable cause, when he found that the claim must proceed under state law and that the claim did not meet all elements required under State Law.

\

Statement of The Case

I.  Statement of Facts

On April 19, 2014 officers Andrew Matson and Robert Rasmussen responded to a call for burglary in progress at 2812 Loraine avenue, Racine, Wisconsin (RA-1) The dispatcher provided a description of the suspect as a African American male, approximately 5'8" wearing a navy blue jacket, and seen headed towards Jacoto Drive. Officers Matson and Rasmussnen were near Jacoto Drive when they received the information from the dispatcher. Officer Rasmussen shortly thereafter observed an individual who he assumed matched the description provided by (a third party) the dispatcher, who later turned out to be Mr. Evans. Officer Rasmussen saw this individual enter an apartment building and relayed his observation to dispatch. *(Id.)* Officers Rasmussen and Matson then entered the building in search of a suspect. *(Id.)* During their pursuit, Officer Matson observed Evans on the first floor of the apartment building.

Next, Officer Matson made contact with Mr. Evans, and Evans attempted to flee from officer Matson into an apartment unit (RA-2-3.) It was during this fight into the apartment that Officer Matson observed Evans drop a dark object in the doorway. *(Id.)* After seeing this, Officer Matson struggled with Evans both around the door and inside the apartment. Officer Matson issued verbal commands and deployed his taser at Evans. Officer Matson then secured Evans with handcuffs and transported him to the Racine County Jail to be prosecuted. (RA-3-4) While processing the scene, Officer Matson located a fully loaded Smith and Wesson Model 19 revolver in the doorway of the apartment where he observed Evans drop a dark object.

Evans was arrested for possession of a firearm by a felon, contrary to Wis. Stat. 941.29 amd resisting/obstructing an Officer, contrary to Wis. Stat. 946.41. Evans was detained as a suspect in a burglary but he was not charged with that offense.

The Racine County District Attorney charged him with possession of a firearm by a felon, contrary to Wis. Stat. 941.29, and resisting/obstructing an Officer, contrary to Wis. Stat. 946.41(1), in Racine County Criminal Court Felony Case number 2104CF570. Evans through council filed a motion to suppress all evidence obtained from the warrantless entry into the apartment. The judge ruled in favor of Evans. In reaching his decision, the Court determined that the entry into the apartment violated Evans's 4th amendment rights because Officer Matson lacked probable cause to believe that Evans was committing anything other than obstructing.

Here thereafter there were no appeals filed in this case in the Circuit Court or any other Court which finalized an order entered by the Circuit Court of Racine County.

## II.   Procedural history

Several years later, in March of 2020, Mr. Evans filed a complaint against Andrew Matston, Robert Rasmussen, John C. Pomeroy and the City of Racine Police Department alleging false arrest, false imprisonment, malicious prosecution and that the City of Racine had a history of racial profiling under 42 U.S.C. 1983. (ECF No. 1.) Pursuant to the prisoners litigation reform act, the District Court screened the complaint and dismissed John C. Pomeroy and the City Of Racine. (EFC-6)

On May 14, 2020, Evans filed a motion for reconsideration of the screening order, alleging that Sergeant John C. Pomeroy and the City Of Racine Police Department were improperly dismissed. (EFC-9.) On june 24, 2020, the District Court relived the claims against Sergent Pomeroy. (ECF-15.) Defendant Pomeroy then moved to dismiss the allegations against him, and the dismissal was granted on October 26, 2020. (ECF-32.)

The remaining Defendant's, Officers Andrew Matson and Robert Rasmussen moved for summary judgment on all remaining claims and the District Court granted summary judgment in part and denied in part on March 29, 2022. (ECF-52.) In its decision the judge found summary judgment in favor of Officers Matson and Rasmussen as to the claims of false arrest, false imprisonment and malicious prosecution and denied the claim of excessive force.(Id.) The parties reached a settlement agreement regarding the claim of excessive force, and in the settlement agreement, agreed that Evans could appeal the claims for which Officers Matson and Rasmussen received summary judgment. A final order dismissing the rest of the case was entered on September 22, 2023. (EFC-83.) Evans filed a notice of appeal on October 10, 2023. (EFC-85.)

# SUMMARY OF THE ARGUMENT

The court was **incorrect** when it granted Officer Matson and Rasmussen motion for summary judgment on Evans's claims of false arrest, false imprisonment and malicious prosecution under 42 U.S.C. 1983. There are material facts in dispute regarding these three claims, and Officer's Matson and Rasmussen were **not** entitled to judgment as a matter of law.

Evans brings a perfunctory challenge to the summary judgment decision. He argues by implication that because the State Court found that Officers Matson and Rasmussen lacked probable cause to detain Evans, he is automatically entitled to the same findings in federal court. Evanas never set forth any specific reason why the District Court was incorrect in its findings of probable cause or why he believed it erred in its application of the doctrine of collateral estoppel. Further, Evans contests the findings of qualified immunity by the District court nor disputes the findings that the elements of malicious prosecution were unmet.

The District Court improperly granted summary judgment for the reasons stated below:

1. Officers Matson and Rasmussen did not have probable cause to arrest Mr. Evans.
2. Officer's Matson and Rasmussen's interests were actually litigated in the prior criminal case and whether they applied the Doctrine of Collateral estoppel was their decision because they had the opportunity to appeal but failed to do so.
3. Officers Matson and Rasmussen did not have exigent circumstances to enter the apartment.
4. Mr. Evans did satisfy all elements of malicious prosecution under the Wisconsin State law Wisconsin State Constitution and the United States Constitution.

# ARGUMENT

Mr. Evans did set forth an argument as to why he asserts the District Court erred when it granted summary judgment.

1. In the defendants response brief, they assert that Mr. Evans brief only cites Anderson vs. Libby lobby,inc, 477 U.S. 242 (1986), which sets forth a standard for a trial judge to grant summary judgment, it also sets standards under the summary judgment stage where the District Court judge is to not weigh the evidence and determine the truth but to decide if there is a genuine issue for trial. Evans has provided grounds for which this court may overturn the decision of the District court on the basis alone that the District Court judge himself did weigh the evidence and determine the truth of a matter of a Circuit Court Case where the judgment was final and there were no appeals filed or pending.

II. **The District Court erred in granting summary judgment.**

   A. **Standard of review**

   **Each of the issues before the Court of Appeals regard tgw review of the District Court's Decision to grant Officer's Matson and Rasmussen summary judgment. Summary judgment is appropriate where there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).**

   **The assertions found under summary judgment is not for the District court judge to himself weigh the evidence and determine the truth, but to decide if there is a genuine issue for trial.**

However the Defendants failed to realize after they filed a motion to reconsider and the judge upheld his Decision , finding that because the Officers lacked probable cause to believe that Evans had committed or was committing any other crime than obstructing, the entry into the residence violated Mr. Evans's 4th amendment rights. Fed. R. Civ.p. 56(a). The District Court did not apply the correct standard when it granted summary judgment to the Defendant's.

   B. **Probable cause do not support the actions of the Officer's or foreclose a claim of false arrest and unlawful arrest.**

5

The District Court did error when it granted summary judgment. The Officer's did lack probable cause and claim of false arrest and false imprisonment are appropriate under 42 U.S.C. 1983. As found on summary judgment, the officers received information that described an individual wearing a navy blue jacket with white or gray stripes on it that was a robbery suspect, along with his approximate location. Acting on that information, the Officer's went to that location and Officer Rasmussen claimed that he saw someone matching the suspects description enter into a building. According to the police reports, after the Officers entered the building Officer Rasmussen"who alleged to have seen someone match the suspects vague description" entered the building and went upstairs while Officer Matson stayed downstairs and is also where Officer Matson saw Mr. Evans in the apartment building hallway and forced his way into his residence, tasing him, detaining him and taking him into custody in the Racine County Jail.[2] However the Defendants base their alleged undisputed record, the District Court found facts that constitute probable cause to effectuate an arrest. Moreover, when the District Court found facts the Judge himself weighed the evidence and determined the truth of this matter. Anderson Vs. Libby Lobby, inc, 477 U.S. 242 (1986). Summary judgment will not lie if the dispute is about a material that is "genuine", that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. At the summary judgment stage, the trial Judge's function is not to weigh the evidence and determine the truth, but to determine if there is a genuine issue for trial. There is no such issue unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. In essence, the inquiry is to whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Pp. 477 U.S, 247-252.

The Defendants argue that Evans's assertions implies the District court decision finding probable cause is barred by the State Courts criminal decision in State vs Evans 14-CF-570 under the doctrine of collateral estoppel; District Court findings of collateral estoppel because it was not raised in State Court or any appeal and should bar, moreover it was not the District court Judge function to determine the evidence or re-try the case but to decide if there was a genuine issue for trial, therefore, there was no issue to raise on collateral estoppel because there was no appeal filed in state court, making the State Court's decision final.

Further, the Defendants argue in their response brief, that to overcome a defense of qualified immunity, a plaintiff must identify a case where an Officer violated the

---

[2] Officer Rasmussen is who reportedly saw someone match the description enter the building, but Officer Matson is who started a blind pursuit.

fourth amendment under similar circumstances. District of Columbia vs. Wesby, 583 U.S. 48, 63 (2018).

The Defendant's assert or alleged that Evans did not do so before the District Court, however, Evans has displayed a case resembling his that was used in the Circuit Court. State vs. Mikkelson, 256 Wis.2d.132, prohibits the entry into a residence when the crime involved is a misdemeanor.

The Defendant's reliance on United States v. Santana 427 U.S. 38, 42-43 is misplaced and does not apply in this case, in Santana an undercover officer arranged to buy heroin from Patricia McCafferty. McCafferty told the officer that they would pick the heroin up at the house of "Mom" Santana (defendant). The police obtained marked bills from the drug buy and drove McCafferty to Santa's house. McCafferty took the money from the officer, went in the house, and returned to the officers car with small envelopes containing a white- brownish powder. After driving a short distance from the house, the Officer stopped his car, displayed his badge to McCafferty and arrested her. McCafferty told the Officer that Santana had the money. When other Officers approached Santana's house, they saw Santans standing in the doorway to the house, with the door wide open, holding a brown paper bag. As the Officer shouted "Police" Satana attempted to retreat into the house. The Police caught Santna in the vestibule and arrested her. During the arrest, two bundles of packets of heroin fell out of the bag Santana was holding, and she had some of the money from the drug buy in her pockets. At trial , the District court granted Santana's motion to suppress the heroin evidence and the Court of Appeals affirmed that ruling. The prosecution (plaintiff) appealed.[3]

In Evans's case, the officer's only had a vague description of a suspect. Officer Rasmussen alleged to have seen someone that matched the suspects description enter a building so the Officer's entered the building and while Officer Rasmussen "the Officer who supposedly saw the suspect enter the building" was up-stairs, Downstairs Officer Matson observed an individual who happened to be Mr. Evans walking into his apartment wearing a solid black jacket with nothing on it and nothing in his hand indicative of not having burglarised anyone or anything and forced his way into Evans's home. Evans was wearing a solid black jacket and the suspect supposedly had on a navy blue jacket with white or gray stripes. There was no pursuit from the scene of a crime and the Officer's had no clue who they were looking for, exigent circumstances did not exist and the Officers are not protected by qualified immunity. State v. Mikkelson 256 Wis.2d 132, Mikkelson holds that the misdemeanor crime of obstructing an officer cannot justify the warrantless entry by the police into a residence under the exigent circumstances of hot pursuit.

---

[3] The officer created a controlled buy from the suspect and knew who they were looking for, thereby establishing probable cause.

7

## C. Evans Did Establish a Claim of Malicious Prosecution

As provided by the court, false arrest is an unreasonable seizure prohibited by the 4th amendment made applicable to the state by interpretation of the fourteenth amendment and actionable under 42 U.S.C 1983. See newsome v. McCabe, 256 f.3d 747, 750-51 (7th Cir. 2001). Where a criminal defendant is prosecuted without reasonable grounds and was unlawfully incarcerated before his trial, he may bring an action for malicious prosecution under 1983, Ostensibly for violations of his 4th amendment rights Smart v. Board of Trustees of univ. Of ill. 34 f. 3d 432, 434 (7th Circuit).

To establish a claim of malicious prosecution the law requires 6 elements must be established, herein, the appellees allege the Evans failed to meet elements 4-5 of the 6 elements required, conceding to the other 4 elements which are elements 1,2,3 and 6.

The Appellee's in their response on page number 19 alleged that Evans failed to meet elements 4 and 5 for a claim of malicious prosecution. The Appellees are relying on the fact that the District Court Judge retried the case and found probable cause during a summary judgment motion where it is not the trial Judge's function to weigh the evidence and determine the truth of the case but to decide if there is a genuine issue for trial Anderson v. Libby Lobby, inc, 477 U.S. 242 (1986). There were no appeals by the Appellees and the District Court Judge should not have ventured into the case establishing probable cause on the behalf of the Appellees where there was a final judgment, no appeal in the Circuit Court proceedings and the case that the District Court Judge used was misplaced. See. United States v. Santana 427 U.S. 38 42-43 and State v. Mikkelson 256 Wis.2d 132.

The allegation of element number 5," a want for probable cause in instituting the former proceedings" was established, Whereby a Judge in the State Court after a reconsideration motion by the Appellees rendered a final judgment and there was no appeal. Furthermore, element number 4, which the Appellees allege the malice on part of the defendants is instituting the former proceedings, when the Appellees wantingly, maliciously, capriciously and without probable cause or any other authorization illegally seized, detained and used excessive force for a crime that he did not commit, that was an act of Malice. Moreover when the Officer forced his way into the residence, tasing him in front of his mother, siblings and children, that was another act of malice.

Mr. Evans has established and argued that the Officer's act wit Malice, and the summary judgment granted to the Appelleses should be reversed on the foregoing reasons below;

A. That the District Court committed an erroneous error when the District Court Judge ventured into the case, weighing the evidence and determining his truth of the case, opposed to whether there was a genuine issue for trial. Not only did the District Court venture into the case but he also retried the case applying United States v. Santana 427 U.S. 38, 42-43 (1976), that was misplaced and does not apply in my situation.

B. The Appellee's committed a Malice act when they pursued Evans into his home, tasing him causing injury, detaining him and arresting him for a crime that he did not commit.

C. That the Appellee's lacked probable cause, Whereby a finding in the Circuit Court was ordered by the Honorable John S. Jude of the Racine County Circuit Court, who after a reconsideration motion set forth an analysis of the proceedings using State v. Mikkelson 256 Wis.2d 132 as the standard for probable cause and exigent circumstances. The Mikkleson case is distinguished from the Santana case and does not apply.

# CONCLUSION

For the above stated reason herein, the Appellant request this Honorable court to reverse the judgment of the District Court.

Dated March 20, 2024,

Submitted,

Aundre Evans "Pro Se"
2005 Hickory Grove ave
Racine, wi 53403 / phone (262)498-9519

9

# Certificate of Compliance

Pursuant to rules of Appellate Procedure 32(g), I hereby certify the following; This brief complies with the type volume limitations of the federal rule of procedure 32 and 7th Circuit Rule 32 because it contains no more than 14,000 words. Specifically, all portions of this brief other than the table of contents, table of authorities, and certificate of counsel contain 3921 words.

Dated: March 20, 2024

Aundre Evans

*[signature]*

## Certificate of Service

I hereby certify that on this 20th day of March, I filed the foregoing brief with the Clerk of Courts using the United States Postal Service, which will send such filings to all registered CM/ECF users.